UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x--------------------------------------------------------x
DANIEL KIM, individually and as assignee
of SOLEPLEX INC. d/b/a DANNY K
FASHION.

                      Plaintiff,                      Civil Action No.: 1:15-CV-9819 (AJP)

   -against-

GS SPORTS INC. d/b/a MOE's SNEAKER
SPOT,

                      Defendant.
x--------------------------------------------------------x

**Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6)**

PAUL E. KERSON (PEK-8789)
Leavitt & Kerson
Attorneys for Defendant
118-35 Queens Blvd. 12th Fl.
Forest Hills, NY 11375
(718) 793 – 8822
(718) 520 – 8544 Fax
kersonpaul@aol.com
ts.leavittkerson@gmail.com

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x--------------------------------------------------------x
DANIEL KIM, individually and as assignee
of SOLEPLEX INC. d/b/a DANNY K
FASHION.

                        Plaintiff,                      Civil Action No.: 1:15-cv-9819(HAP)

    -against-

GS SPORTS INC. d/b/a MOE's SNEAKER
SPOT,

                        Defendant.
x--------------------------------------------------------x

**Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6)**

I.    <u>Statement of Facts</u>

Plaintiff and Defendant signed an "Agreement for Sale of Business" dated November 26, 2013, and attached to Plaintiff's Complaint as Exhibit A. The said agreement calls for a payment by Defendant to Plaintiff of $275,000 as the balance due for the sale of a certain retail shoe business involving five stores, a warehouse, and a large amount of inventory. Defendant filed its Amended Answer, Affirmative Defenses, and Counterclaims clearly stating that the "Agreement for Sale of Business" dated November 26, 2013 was not carried out in that much of the inventory was never delivered and defective merchandise was substituted and/or left behind at the subject warehouse at 42 South Washington Ave., Bergenfield, NJ 07621 and 459 South Washington Avenue, Bergenfield, NJ 07621.

II. <u>Legal Argument</u>

(a) <u>Plaintiff's motion has no merit whatsoever under the Federal Rules of Civil Procedure Rule 12(b)(6).</u>

In *Eurofins Pharma US Holdings v. Bioalliance Pharma S.A.*, 623 F. 3d 147 (3d Cir. 2010), the United States Court of Appeals for the Third Circuit held:

> "'In deciding a Motion to Dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences shall be drawn in favor of them'… To withstand a Rule 12(b)(6) motion to dismiss, 'a complaint must state sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" See 623 F. 3d at 158.

The United States Court of Appeals for the Seventh Circuit reached the same result in *Wilson v. Price*, 624 F. 3d 389 (7th Cir. 2010). In *Wilson v. Price,* the Court held:

> "The complaint's 'allegations must plausibly suggest that the Plaintiff has a right to relief raising that possibility above a 'speculative level…' See 624 F. 3d at 391-392.

The Seventh Circuit's holding in *Wilson v. Price,* was based on its earlier Decision in *Tamayo v. Blagojevich,* 526 F. 3d 1074 (7th Cir. 2008). In *Tamayo,* the Court held:

> "A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to the relief, 'sufficient to provide the defendant with 'fair notice' of the claim and its basis.'" See 526 F. 3d at 1081.

In *Tamayo v. Blagojevich,* the Court relied on Federal Rules of Civil Procedure, Rule 8(a)(2) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

In *Bell Atlantic v. Twombly,* the United States Supreme Court reached the identical conclusion:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations… a plaintiff's obligation to provide the 'grounds of his 'entitle(ment) to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do…" See 550 U.S. at 555.

The United States Supreme Court reached the identical conclusion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged...The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" See 556 U.S. at 678.

In the instant case, Defendant GS Sports, Inc. has clearly pleaded in its amended counterclaim that this Plaintiff failed to deliver the inventory promised under the "Agreement for Sale of Business" dated November 26, 2013 included in Plaintiff's Complaint. Thus, Plaintiff has clearly met the pleading requirements set forth by the Federal Rules of Civil Procedure, Rule 8(a), the Third Circuit's holding in *Eurofins Pharma US Holdings v. Bioalliance S.A.*, cited above, the Seventh Circuit's holding in *Wilson v. Price*, cited above, the Seventh Circuit's holding in *Wilson v. Price*, cited above, the Seventh Circuit's Holding in *Tamayo v. Blagojevich*, cited above, and the United States Supreme Court's holdings in *Bell Atlantic v. Twombly*, cited above, and *Ashcroft v. Iqbal*, cited above. Thus, a motion to dismiss the complaint under Federal Rules of Civil Procedure, Rule 12(b)(6) is clearly without any merit whatsoever.

    (b)    <u>Plaintiff's Motion to Dismiss the Amended Counterclaim has no merit whatsoever under the New York Uniform Commercial Code (UCC).</u>

Plaintiff cites New York UCC Section 2-102. This statute states that Article 2 of the UCC applies to transactions and goods. So what? How does this support Plaintiff's argument herein? Answer: It does not.

Plaintiff also cites New York UCC Section 2-104. This section defines "merchant" and "between merchants". Citation of New York UCC Section 2-104 does nothing to advance Plaintiff's argument herein.

Plaintiff also cites New York UCC Section 2-607. This section has no applicability to the instant case whatsoever. This section speaks of "acceptance of goods" by a buyer. Apparently, Plaintiff neglected to read Defendant's Amended Counterclaim. What happened in this case is as follows: Defendant never delivered the valuable inventory in question. Thus, any question of "acceptance of goods" has nothing to do with this case. Plaintiff left behind some damaged materials as debris in the warehouses. This debris is hardly covered by the UCC.

Plaintiff also cites New York UCC Section 2-606. This statute is entitled, "What constitutes acceptance of goods". Again, Plaintiff has failed to read Defendant's Amended Counterclaim. No goods were ever accepted because no goods were ever delivered. Thus, New York UCC Section 2-606 does not apply to this case.

Plaintiff also cites UCC Section 2-607. This statute speaks of the "Effect of Acceptance." Again, Plaintiff has not read Defendant's Amended Counterclaim. No goods were delivered. Plaintiff totally breached the "Agreement for Sale of Business" dated November 26, 2013 when they did not deliver the inventory in question. Thus, New York UCC 2-607 also does not apply to this case.

Plaintiff also cites New York UCC 2-714. This statute is entitled "Buyer's Damages for Breach in Regard to Accepted Goods." Again, Plaintiff misses the point herein entirely, and fails to understand this case. There were no "accepted goods." <u>There were no goods at all.</u> Plaintiff refused to deliver the valuable inventory set forth in the "Agreement for Sale of Business"

5

between the parties dated November 26, 2013. Thus, New York UCC Section 2-714 does not apply to this case.

Plaintiff also cites New York UCC 2-608. This section is entitled "Revocation of Acceptance in Whole or in Part." Again, Plaintiff has failed to read Defendant's Amended Counterclaim. No goods were delivered at all. Plaintiff did not deliver the valuable inventory promised in the "Agreement for Sale of Business" between the parties dated November 26, 2013. Thus, New York UCC Section 2-608 also does not apply to this case.

Plaintiff also cites New York UCC Section 2-602. This section is entitled, "Manner and Effect of Rightful Rejection." Again, Plaintiff did not read Defendant's Amended Counterclaim. There was no rejection. Rather, it was Plaintiff who never delivered the valuable inventory promised in the "Agreement for Sale of Business" of November 26, 2013. Thus, New York UCC Section 2-602 does not apply to this case.

III.   Conclusion.

For all of the above stated reasons, Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) has no merit whatsoever and should be denied in its entirety.

Dated: July 28, 2016
       Forest Hills, NY

_____
PAUL E. KERSON (PEK-8789)
Leavitt & Kerson
Attorneys for Defendant
118-35 Queens Blvd. 12th Fl.
Forest Hills, NY 11375
(718) 793 – 8822
(718) 520 – 8544 Fax
kersonpaul@aol.com
ts.leavittkerson@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x------------------------------------------------x
DANIEL KIM, individually and as assignee
of SOLEPLEX INC. d/b/a DANNY K
FASHION.

                Plaintiff,                      **AFFIDAVIT OF SERVICE**

   -against-

GS SPORTS INC. d/b/a MOE's SNEAKER        Civil Action No.: 1:15-cv-9819
SPOT

                Defendant.
x------------------------------------------------x
STATE OF NEW YORK    )

COUNTY OF QUEENS    )ss:

      TASNEEMA SOBHANY, being duly sworn, says: I am not a party to the action. I am over 18 years of age, and I reside in Queens County.

      On July 28, 2016, I served a true copy of the annexed Declaration in Opposition to Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim and Memorandum of Law in the following manner:

1. Service by mail: By mailing the same in a sealed envelope, with postage prepaid thereon in a Post Office or an official depository of the U.S. Postal Service within the State of New York addressed to the last known address of the addressees as indicated below:

2. By transmitting the same to the attorney by electronic means, to the telephone number or other station or other limitation designed by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of the same to that attorney in a sealed

envelope with postage prepaid thereon in a Post Office or an official depository of the U.S. Postal Service within the State of New York addressed to the last known address of the addressees as indicated below:

Peter Y. Lee, Esq.
Attorney for Plaintiffs
60 East 42nd St. Suite 1101
New York, NY 100165

Via E-mail: peter.lee@leeadvocates.com & U.S. Mail & ECF

_____
TASNEEMA SOBHANY

Sworn to before me this
29 day of July, 2016

_____
Notary Public

PAUL E. KERSON
Notary Public, State of New York
No. 4643475
Qualified in Westchester County
Commission Expires 11-30-17